UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KEVIN KYLE KILLOUGH,**

   Movant,

v.

   No. 4:22-cv-0332-P
   (No. 4:16-cr-0132-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Kevin Kyle Killough, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, including the record in the underlying criminal case styled "United States v. Charles Ben Bounds, et al," and applicable authorities, concludes that the motion must be **DENIED**.

### BACKGROUND

The record in the underlying criminal case reflects the following:

On May 18, 2016, Movant was named along with others in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 215. The same charge was made in a third superseding indictment filed August 10, 2016. CR ECF No. 526. Movant was tried by a jury and convicted. CR ECF No. 661.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38 as the offense involved at least 45 kilograms of methamphetamine. CR ECF No. 964, ¶ 36. He received two-level increases for possession of a dangerous weapon, *id.* ¶ 37, importation, *id.* ¶ 38, and obstruction of justice. *Id.* ¶ 41. The total offense level was reduced to 43, the maximum level. *Id.* ¶ 45. Based on

a total offense level of 43 and a criminal history category of V, the guideline imprisonment range was life. *Id.* ¶ 113. Movant filed objections, CR ECF No. 1180, and the probation officer prepared an addendum to the PSR. CR ECF No. 1081.

Movant was sentenced to a term of imprisonment of life. CR ECF No. 1178. He appealed. CR ECF No. 1235. In particular, he objected to 54 kilograms attributed to him by Alicia Priest, who said he and a codefendant had delivered one kilogram of methamphetamine to her house three times a week for 18 weeks, including a period of time when Movant was incarcerated. (Movant did not object to two kilograms attributed to him by Michael Jordan, another coconspirator.) The United States Court of Appeals for the Fifth Circuit determined that the PSR contained a patently incorrect statement accounting for a meaningful amount of the drugs attributable to Movant. It vacated his sentence and remanded for resentencing. *United States v. Gentry*, 941 F.3d 767, 786–89 (5th Cir. 2019).

On remand, the probation officer prepared a second addendum to the PSR, excluding the drug quantities based on Priest's statements. CR ECF No. 1565. This time, Movant's base offense level was calculated to be 34 based on 5.6 kilograms of methamphetamine being attributed to him. *Id.* at 5. Based on a total offense level of 40 and a criminal history category of V, his guideline imprisonment range was 360 months to life. *Id.* at 6. Movant objected to being held accountable for the two kilograms of methamphetamine that Jordan claimed were distributed to Movant by Shawn Cropp, a coconspirator, and the government responded, providing a report to corroborate the attribution. CR ECF No. 1567. The probation officer prepared a third addendum to the PSR rejecting the objection. CR ECF No. 1568. At resentencing, Movant persisted in his objection that Jordan's statements were unreliable. In support, he relied upon his own affidavit, which simply made the conclusory statement that Movant "never received methamphetamine from Mr. Cropp." CR ECF No. 1648 at 4; CR ECF No. 1626 at 7. The government provided a report prepared by agents from Homeland Security Investigations, which stated among other things that Jordan confessed to participating in the methamphetamine distribution business from September 2015

until December 2015; Cropp, a member of the Aryan Brotherhood, was Jordan's source of supply; Jordan personally received 12 total ounces of methamphetamine from Cropp for distribution; and Jordan witnessed Cropp supplying large quantities of methamphetamine to others, including providing Killough with one kilogram of methamphetamine on two separate occasions. CR ECF No. 1567, Ex. A; CR ECF No. 1626 at 7–8. The Court overruled the objection. CR ECF No. 1626 at 9–10. Movant was sentenced to a term of imprisonment of 360 months. CR ECF No. 1599. The Court noted that even if the guideline calculation was wrong, the same sentence would be imposed. CR ECF No. 1626 at 28–29; CR ECF No. 1600 at 4. Movant again appealed. CR ECF No. 1604. His sentence was affirmed. *United States v. Killough*, 848 F. App'x 177 (5th Cir. 2021).

## GROUNDS OF THE MOTION

Movant raises one ground in support of his motion. ECF No. 1 at 4. Under the section for "Supporting facts," he refers to his supporting memorandum of law. *Id.* The memorandum, in turn, alleges that Movant received ineffective assistance of counsel because his attorney failed (1) to make appropriate objections during sentencing, (2) to raise a claim based on *Apprendi v. United States*, 530 U.S. 466 (2000), and (3) to object to Movant being shackled during trial. ECF No. 2.

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first argument, Movant contends that his counsel provided ineffective assistance in failing to show that Jordan was not reliable. ECF No. 2 at 6–11. He admits that the facts in the PSR and addenda had an "adequate evidentiary basis with sufficient indicia of reliability." *Id.* at 9. He says that counsel should have subpoenaed Jordan to testify at sentencing and should have obtained an affidavit from Cropp denying that he had sold methamphetamine to Movant. *Id.* at 8. He wants the Court to speculate that he could have undermined the PSR and addenda with the testimony of two coconspirators, neither of whom has stated that he would testify on behalf of Movant. As Movant admits, "no one knows" what Jordan might have said if called to testify at sentencing. ECF No. 8 at 6. Further, there is no proof that Cropp would have signed an affidavit if requested. But, even if he would have done so, there is still no reason to believe that it would have changed the outcome of the sentencing. Nor is there any reason to believe that Movant's own testimony or a better crafted affidavit by him would have made any difference, since the Court already knew that Movant objected to being held accountable for the two kilograms attributed to him by Jordan. CR ECF No. 1568. As the Court made clear, even if the guideline calculation had been erroneous, the same sentence would have been imposed. CR ECF No. 1626 at 28–29; CR ECF No. 1600 at 4. *See United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020) (guideline calculation error is harmless if the court indicates that the same sentence would have been imposed). And, in any event, removing two kilograms from the amount of methamphetamine attributed to Movant would not have changed his guideline range. USSG, ch. 5, pt. A (sentencing table). Any error on counsel's part would have been harmless. *United States v. Simpson*, 741 F.3d 539, 557 (5th Cir. 2014); *United States v. Ramirez*, 555 F. App'x 315, 322 (5th Cir. 2014).

Movant next argues that counsel was ineffective in failing to raise an *Apprendi* issue. ECF No. 2 at 11–18. As the government notes, *Apprendi* holds that any fact that increases the penalty beyond the statutory maximum prescribed must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490. Likewise, any fact that increases a

statutory minimum sentence must also be proved. *Alleyne v. United States*, 570 U.S. 99 (2013). These cases do not concern guideline calculations, however, as Movant seems to admit in relying on dissenting opinions to support his argument. ECF No. 2 at 17–18; ECF No. 8 at 8–9. As the appellate court noted on Movant's second appeal, this Court's drug-quantity calculation is a factual finding and is not clearly erroneous as long as it is plausible in light of the record as a whole. *Killough*, 848 F. App'x at 178. The Court may take into account types and quantities of drugs not specified in the count of conviction in determining the offense level. USSG § 2D1.1, cmt. n.5 (2016). Counsel cannot have been ineffective in failing to raise a meritless argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In his final argument, Movant contends that counsel was ineffective in failing to object to the unreasonable use of shackles at trial. ECF No. 2 at 19–26. He does not cite to any evidence that shackles were used at trial. Nor does he offer anything more than argument that the jury saw the shackles. ECF No. 2 at 23. The government notes that none of the defendants complained at trial or on appeal about being shackled. ECF No. 7 at 12. In any event, use of shackles would have been appropriate given that eight defendants involved with the Aryan Brotherhood were being tried together. Even the defendants recognized that in light of the number of defendants there would be an ample number of marshals present. CR ECF No. 1340 at 25. Two of the defendants received sentences of 300 months; two received sentences of 360 months; and three received sentences of life imprisonment. *Gentry*, 941 F.3d at 774. *See United States v. Banegas*, 600 F.3d 342, 345 (5th Cir. 2010) (reasons for shackling may be apparent from the record). Assuming that the defendants were shackled, Movant bears the burden of establishing prejudice. *United States v. Turner*, 674 F.3d 420, 435 (5th Cir. 2012); *United States v. Diecidue*, 603 F.2d 535, 549 (5th Cir. 1979). He has not come forward with any evidence to do so. As the government notes, it seems unlikely that Movant could do so, given that one of the defendants was acquitted. CR ECF No. 661.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day** of **November 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE